UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:15-cr-00286-DAD-BAM |
|---|---|
| Plaintiff, | ORDER RE: MOTION FOR RETURN OF PROPERTY PURSUANT TO RULE 41(g) |
| v. | |
| HAITHAM HABASH, et al. | |
| Defendant. | |

On January 9, 2017, following oral argument, the Court took under submission Defendant Majed Akroush's motion for return of property. (Doc. 175). Defendant seeks return of property pursuant to Federal Rule of Criminal Procedure 41(g). The text of the rule states:

> A person aggrieved by an unlawful search and seizure of property or by deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

The parties agreed, in substance, to the return of "pink slips" for various vehicles, and the parties agreed to submit a stipulation to the Court. Therefore, the motion as to the pink slips is deemed moot.

1

**A. Return of Property Pursuant to Rule 41(g)**

At the hearing on January 9, 2017, the Court gave a tentative ruling denying the motion to return defendant's iPad and iPhone. Defendant's counsel requested that the Court review the case of U.S. v. Cole, 2:14-cr-269GEBEFBP, 2015 WL 6163574 (E.D. Cal. Oct. 19, 2015). Relying on Cole, Defendant argues that the government has not stated any legitimate reason for keeping his iPad and iPhone. Defendant relies on a portion of the case which states, "the government does not articulate any legitimate reason for the retention of certain non-evidentiary property in its possession." Cole, 2015 WL 6163574, at *2. The court in Cole stated that failure to "articulate any legitimate reason" for keeping items which were not evidentiary in nature, required the return of these items. *Id.* Thus, because the items were not "evidentiary," the court in Cole required the return of the property. In contrast to the non-evidentiary property, the court allowed the government to keep items which were considered evidentiary "until the appeal process is completed" regardless of any articulated legitimate reason.[1] *Id.*

Unless "the property in question is no longer needed for evidentiary purpose, either because trial is complete, the defendant has pleaded guilty, or ... the government has abandoned its investigation," the movant bears the burden of demonstrating that he or she is entitled to lawful possession of the property. United States v. Cano, No. 16-CR-01770-BTM, 2016 WL 6920449, at *5 (S.D. Cal. Nov. 23, 2016) citing United States v. Martinson, 809 F.2d 1364, 1369 (9th Cir. 1987) and United States v. Comprehensive Drug Testing, Inc., 621 F.3d 1162, n. 2 (9th Cir. 2010). If a motion for return of property is made while a criminal proceeding is pending, the burden is on the movant to show that he is entitled to the property. U.S. v. Van Cauwenberghe, 934 F.2d 1048, 1061 (9th Cir.1991).

The government asserts that the iPad and iPhone are evidentiary in nature, as the items are instrumentalities of the underlying crimes. The case is still pending; trial is not complete and

---

[1] In Cole, the trial had concluded and judgment entered. Some of the items of property sought by the defendant in Cole were "evidentiary" and other items were not. For those items which were not evidentiary, the court ordered the return because the "government does not articulate any legitimate reason for the retention." The court did not require the government to articulate a reason for retaining the evidentiary property. Cole, therefore, does not stand for the proposition that the government must articulate a legitimate reason for evidentiary items.

defendant has not pleaded guilty.  Therefore, defendant is not entitled to the return of the iPad and iPhone under Rule 41(g).

### B.     Fourth Amendment Unreasonable Search and Seizure

At oral argument, Defendant argued that the seizure was either an unreasonable seizure or an unreasonably prolonged retention of his property in violation of his Fourth Amendment rights.

It is not altogether clear whether Defendant's contention regarding the government's seizure of his personal property is premised on a procedural or a substantive concern with the government's conduct.  The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.  With regard to any substantive claim, under the Fourth Amendment, the Supreme Court has held that "seizures of personal property are unreasonable within the meaning of the Fourth Amendment, without more, unless accomplished pursuant to a judicial warrant, issued by a neutral magistrate after finding probable cause." Illinois v. McArthur, 531 U.S. 326, 330 (2001). A search incident to arrest is an exception to the warrant requirement. *See Menotti v. City of Seattle*, 409 F.3d 1113, 1153 (9th Cir. 2005) ("[A]mple precedent ... permit[s] a search or seizure 'incident to arrest.' ").

The government came into possession of the iPad and iPhone from a search incident to arrest, as the property was on Defendant's person.  Defendant does not challenge the seizure of the iPad and iPhone as unlawful, but rather, that the retention of the iPad and iPhone as unnecessarily long in duration and the government should have imaged the devices by this time.

Defendant's argument is more of a procedural claim. Rule 41(g) of Federal Rules of Criminal Procedure provides "a mechanism by which a person may seek to recover property seized by federal agents." Ordonez v. United States, 680 F.3d 1135, 1137 (9th Cir. 2012). Rule 41(g) provides a procedural mechanism, post-deprivation, which can satisfy the procedural concerns. See generally, Ordonez, 680 F.3d at 1137; see Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984).  In light of the current argument which was not supported by briefing, and that the government has not had an opportunity to respond, the Court will deny the procedural Fourth Amendment violation without prejudice.  Any future motion shall address, at a minimum,

3

whether a potential procedural Fourth Amendment violation may be remedied through Rule 41(g). See generally, Avendano-Ruiz v. City of Sebastopol, 2016 WL 5765746 (N.D. Cal. 2016).

**CONCLUSION AND ORDER**

For the foregoing reasons, the Defendant's motion to return property is

1. MOOT as to the pink slips,

2. DENIED as to Rule 41(g) and substantive Fourth Amendment, and

3. DENIED, without prejudice, as to the procedural Fourth Amendment argument.

IT IS SO ORDERED.

Dated:   **January 13, 2017**         /s/ Barbara A. McAuliffe
                                 UNITED STATES MAGISTRATE JUDGE