UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ZAID ELODAT,<br><br>    Defendant. | No. 1:15-cr-00286-ADA-BAM<br><br>ORDER GRANTING DEFENDANT'S REQUEST FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>(ECF No. 622) |

**I.    Background**

On March 30, 2021, the then-assigned District Judge for the Eastern District of California sentenced Defendant Zaid Elodat ("Defendant") to 2 months imprisonment followed by 36 months supervised release for a violation of 21 U.S.C§ 841(a)(1), possession with intent to distribute a controlled substance. (ECF No. 594.) Defendant completed his term of imprisonment and was released from custody on or around August 16, 2021, when he also began his 36-month term of supervised release. (ECF No. 622 at 3.) On August 11, 2023, Defendant filed a petition for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). (ECF No. 622.) On August 16, 2023, the United States filed a timely statement of non-opposition to Defendant's petition. (ECF No. 625.) For the reasons stated below, the Court grants Defendant's unopposed petition for early termination of supervised release.

1

**II.     Legal Standard**

18 U.S.C. § 3583(e) governs the early termination of supervised release by requiring the court to consider the sentencing factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e). Those factors include: "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002). 18 U.S.C. 3553(a) requires the court to impose a sentence that is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). After considering the § 3553(a) factors, the court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014) ("A district court's duty to explain its sentencing decisions must also extend to requests for early termination of supervised release."). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819. A district court also need not find undue hardship or exceptional circumstances to terminate supervised release. *See United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022).

Generally, the court must hold a hearing before modifying conditions of probation or supervised release. Fed. R. Cim. Proc. 32.1(c). However, a hearing is not required if the person seeking modification waives the hearing, or if the relief sought is "favorable to the person and does not extend the term … of supervised release," and the attorney for the government has received notice and had reasonable time to object and does not. Fed. R. Crim. Proc. 32.1(c). Here, a hearing is not necessary because the Court grants Defendant's petition for early termination of supervised release, and the Government has not objected to the lack of a hearing or opposed Defendant's petition. (*See* ECF No. 625.)

### III.   Discussion

In support of his petition, Defendants asks the Court to consider the arguments first laid out in the sentencing memorandum filed in anticipation of Defendant's sentencing.  (ECF No. 622 at 4; ECF No. 585.)  Defendant argues that his conduct under the 18 U.S.C. § 3553(a) factors laid out in the sentencing memorandum has only continued without incident while he has been on supervised release.  (ECF No. 625 at 4.)  In the sentencing memorandum, Defendant argued that the Court should consider his conduct during pretrial release under multiple sentencing factors to impose no term of incarceration.  (ECF No. 585 at 6-11.)  This conduct included Defendant's full-time work as a licensed contractor, his minimal role in the offense at issue, and minor prior criminal history consisting only of a possession charge from more than 10 years ago for which he received a deferred judgment.  (ECF No. 585 at 7-9.)  By referring the Court to this memorandum in his petition to terminate supervised release, Defendant presumably argues this conduct considered under the § 3553(a) sentencing factors also supports the termination of his supervised release.

In their statement of non-opposition, the United States explains that Defendant has served over two years of his three-year term of supervised release and is under supervision on the Central District of California's lowest risk caseload. (ECF No. 625 at 1.)  The United States also stated that Defendant's probation officer does not oppose the termination of Defendant's supervised release term because "[D]efendant is employed, has a minor criminal history and had a minor role in the instant offense." (*Id.*)

After review of parties' filings, the Court grants Defendant's petition for early termination of supervised release.  Defendant has served over two-years of his term of supervision, making him eligible to file a petition pursuant to 18 U.S.C. § 3583(e)(1).  In addition, consideration of the 18 U.S.C. § 3553 factors also support early termination.  As noted in the United States and in Defendant's sentencing memorandum, Defendant played a minor role in the offense. Neither party, nor probation indicates that Defendant has violated any terms of supervised release.  Further, Defendant has maintained employment through his supervision term. (ECF 625 at 1.)  These circumstances, in addition to Defendant's minor criminal history indicate that a continuation of supervised release is not necessary to protect the public.  Finally, neither the United States nor

Defendant's probation officer oppose early termination of supervised release. Given the probation office's recommendation, the United States' non-opposition to the petition, and after consideration of the 18 U.S.C. § 3553 factors, the Court grants Defendant's petition for early termination of supervised release.

**IV.  Conclusion**

Accordingly,

1. The Court grants Defendant's petition for early termination of supervised release, (ECF No. 622).

IT IS SO ORDERED.

Dated:   August 30, 2023

_____
UNITED STATES DISTRICT JUDGE